(No. 13908.—Judgment affirmed.)
THE PEOPLE *ex rel.* Martin Rice *et al.* Plaintiffs in Error,
*vs.* A. A. ARMSTRONG *et al.* Defendants in Error.

*Opinion filed June 22, 1921.*

1. SCHOOLS—*when plea to information is sufficient to show lawful election to organize community consolidated school district.* A plea to an information in *quo warranto* questioning the organization of a community consolidated school district is sufficient to show a valid election, where it contains the general averments that the election was conducted by the officers authorized to conduct it, that the result was announced and the return made by them in the manner and to the officer required by law, as it will be presumed that the officers did their duty and no violation of law occurred; and it is not necessary to aver that all the details of the Ballot law have been observed.

2. SAME—*county superintendent may fill in blanks for hours of holding election for community consolidated school district.* The county superintendent of schools is authorized to fill in the blanks with the hours during which the polls shall be open in an election to organize a community consolidated school district, as provided in the form of notice in section 84c of the act .of 1919 providing for the organization of such districts.

3. SAME—*act of 1919 for organization of community consolidated school districts provides a reasonable classification.* The act of 1919 for the organization of community consolidated school districts provides for a reasonable and valid classification of territory. (*People* v. *Moyer, ante,* p. 143, followed.)

4. Other questions raised in this case are controlled by the decisions in the cases of *People* v. *Shultz,* (*ante,* p. 125,) and *People* v. *Exton,* (*ante,* p. 119.)

WRIT OF ERROR to the Circuit Court of Douglas county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

ROBERT F. COTTON, State's Attorney, P. M. MOORE, and W. THOMAS COLEMAN, for plaintiffs in error.

JOHN H. CHADWICK, and PERRY M. CHADWICK, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

By leave of the circuit court of Douglas county the State's attorney filed an information in the nature of *quo warranto* against the defendants in error calling upon them to show by what authority they exercise the right to act as members of the board of education of Community Consolidated School District No. 158. The respondents filed a plea of justification, setting up the action taken for the organization of the district and their election as members of the board of education under the act of June 24, 1919. (Laws of 1919, p. 904.) A demurrer to the plea was overruled, and the People electing to stand by the demurrer, a judgment was rendered in favor of the defendants, and the People sued out a writ of error.

The main contentions of the plaintiffs in error are, (1) that the act of June 24, 1919, does not apply to the consolidation of school districts lying wholly within a single county; (2) that the act is unconstitutional because in violation of section 13 of article 4 of the constitution; (3) that upon the election on the question of organization the ballots voted did not bear an indorsement of the *fac simile* of the signature of the county superintendent of schools who furnished the ballots, as required by the Australian Ballot law, and that the ballots voted did not have the initials of one of the judges of election indorsed on them, as required by that law.

The first proposition is answered in the negative by the case of *People* v. *Shultz,* (*ante,* p. 125,) and the second by the case of *People* v. *Exton,* (*ante,* p. 119.)

The abstract of the plea shows that it set forth a copy of the official ballot furnished by the county superintendent of schools, showing an indorsement on the back of the ballot bearing the signature of the county superintendent of schools. The plea alleged that the judges and clerk of election appointed by the county superintendent took the oath

required by law; that the election was held at the time and place fixed by the county superintendent and was duly and legally conducted in every respect in compliance with the laws in regard to holding elections, and that the judges and clerk of election, immediately after the closing of the polls, canvassed the vote and made their return to the county superintendent of schools. This was a sufficient averment of the legality and regularity of the election. The election having been conducted by the officers authorized to conduct it and the result having been announced and the return made by them in the manner and to the officer required by law, it will be presumed that the officers did their duty and that no violation of law occurred. It was not necessary to aver that booths were provided; that each ballot was indorsed with the initials of one of the judges of election; that each voter retired alone to one of the booths and prepared his ballot privately, or that every detail of the Ballot law was observed. The general allegation was sufficient, and if there was a failure to observe the Ballot law of such a character as to render the election void it should have been shown by a replication. The election was held between the hours of one and five in the afternoon, in accordance with the notice given by the superintendent. The statute provides (sec. 84*d*) that the polls shall be open for at least three consecutive hours, and the form of notice given in section 84*c* contains blanks to be filled with the hours between which the polls shall be open. The superintendent of schools, who was required to submit the question to the voters, was therefore authorized to fill these blanks.

It is also suggested in the brief of the plaintiffs in error that the act is unconstitutional because it adopts an arbitrary and unreasonable basis for the classification of territory, which may take advantage of the provisions of the act and does not operate uniformly upon all territory similarly situated. This objection was also made in the case of *People* v. *Moyer,* (*ante,* p. 143,) where it was held that the differ-

ence upon which the classification was made was a rational one, upon which the legislature might justifiably act and grant the privilege of consolidating in one case and withhold it in another.

The judgment will be affirmed.    *Judgment affirmed.*

---

(No. 13915.—Appellate Court reversed; circuit court affirmed.)
JOHN E. NOESEN *et al.* Defendants in Error, *vs.* KATHERINE ERKENSWICK, Plaintiff in Error.

*Opinion filed June 22, 1921.*